IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES EARL SMITH                                                           PLAINTIFF

v.                  Civil No. 06-1046

UNKNOWN                                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Earl Smith brings this pro se civil rights action under 42 U.S.C. § 1983. Smith does not name any defendants in this action. (Doc. 1.) The court granted plaintiff's in forma pauperis (IFP) application, and the matter is now before the undersigned on the issue of whether the complaint should be served.

### I. Background

In the complaint, the plaintiff states that the "Amendment stops the government from forcing citizens to keep soldiers in their home or where every Colonial Times [sic] citizens were forecd [sic] to offer rooms to British soldiers." Smith also alleges in his complaint, "limits search and seizures this Amendment says that and because no one will answere [sic] my grievance form cause [sic] I have put in 18 to 20 grievances and no one have respond [sic] no [sic] even the Sheriff Calvin Knighton or Captain Reynolds or Lt. Delaney." Smith requests $100,000,000 in damages. (Doc. 1.)

To this complaint, Smith attaches seven "witness statements" from other inmates who claim to have observed an incident where Sheriff Calvin Knighton kicked and choked inmate Bryan Charles and kicked inmate Deshaun Brownlee. (Doc. 1. Attach.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." Smith's complaint in this action fails to include such a statement. First, Smith appears to be claiming that his Third Amendment rights have been violated. The Third Amendment of the Constitution provides, "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. CONST. amend. III. Certainly claims based on the Third Amendment are rare. Plaintiff does not assert that soldiers were quartered in his house unconstitutionally, and the court can envision no possible set of facts that would entitle plaintiff to relief. This claim should be dismissed.

Second, plaintiff references the Fourth Amendment as it pertains to searches and seizures, and then states that the jail officials are no longer responding to his grievances. Smith does not allege any facts pertaining to an illegal search or seizure, thus he has not stated a claim on that issue. Further, Smith has no constitutional right to the answering of his grievances. *See Buckley*

AO72A
(Rev. 8/82)

*v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (inmate failed to state claim because no constitutional right was violated by defendants' failure to process all grievances submitted; prison grievance procedure does not confer any substantive right upon inmates).

Finally, Smith does not have standing to bring claims on behalf of other inmates. Therefore, any claim relating to Sheriff Knighton's kicking and choking of other inmates should be brought by those inmates, not Smith. *See Powers v. Ohio*, 499 U.S. 400, 410-411, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991) (generally, litigant must assert his or her own legal rights and interests, and cannot rest claim to relief on legal rights or interests of third parties; subject to certain narrow exceptions).

### III. Conclusion

Therefore, I recommend that plaintiff's complaint be dismissed as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Smith has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Smith is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of August 2006.

**/s/ Bobby E. Shepherd**
_____
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)